**In re CAMDEN RAIL & HARBOR TERMINAL CORPORATION.**

**EINHORN & SCHACHTEL v. CAMDEN REFRIGERATING & TERMINALS CO. et al.**

**No. 7706.**

Circuit Court of Appeals, Third Circuit.

June 5, 1941.

Thomas M. Farr, of Camden, N. J., for appellants.

Henry F. Stockwell, of Camden, N. J., for appellees.

Before BIGGS, CLARK, and JONES, Circuit Judges

**PER CURIAM.**

Upon March 1, 1941, the court below made the order appealed from directing the payment of allowances and costs *pro rata* among those entitled thereto as compensation and expenses of administration, a sum totalling $7,804.98. On March 30, 1939, the court had made an order providing that there should be paid on account of allowances and costs the sum which the new company had had available over $100,000 as "net quick assets" when it began business on April 1, 1939, upon taking over the assets of the debtor. The dispute is as to what assets and liabilities should be considered in arriving at that "net quick assets". A mortgage given to the Camden Trust Company by the new company provides for amortization in the first year by monthly payments totalling $12,500. If this sum be deducted it is obvious that the net quick assets of the new company were less than $100,000 on April 1, 1939, and that therefore no sums could be paid on account of allowances.

The learned District Judge concluded that because the new company took over a business "in which it could be reasonably anticipated that a profit would develop during the year sufficient to liquidate the amortization payments * * *" that he could not allow the amount of the first year's amortization to be deducted as a current liability. While the appellants contend that under a proper accounting practice "net quick assets" would include as current liabilities those which would accrue during the ensuing twelve months' period requiring amortization of the mortgage to be deducted, we are of the opinion that much importance should be attached to the interpretation placed by the court below upon its own order, and, where the terms of the order are not entirely clear as in the case at bar, we are inclined to accept that interpretation as authoritative. Moreover, the interpretation which the court puts upon its own order is substantially the same as that put upon it by the appellant, Camden Trust Company, for the trust company was not obligated to supply the sum of $250,000 to the new company upon mortgage unless the net quick position of the new company was no less than $100,000 on April 1, 1939. If the sum of the amortization for the next twelve months had been deducted the net quick position of the new company would have been less than $100,000. It follows therefore that the Camden Trust Company it-

self either did not accept the sum of the amortization for the next twelve months as a current liability or proceeded to waive the requirement which it itself had imposed upon the new company.

Accordingly the order of the court below is affirmed.